SHARP *v.* WHITESIDE and others.[1]

WHITESIDE *v.* SHARP.[1]

*(Circuit Court, E. D. Tennessee, S. D. July 4, 1883.)*

REMOVAL OF CAUSE—CITIZENSHIP—SEPARATE CONTROVERSY.
Where the question to be decided in a cause is the right of a plaintiff to carry passengers into a certain park owned by one of the defendants, the other defendants being the lessees of such park, a separate controversy exists between the lessor and plaintiff, and if they are citizens of different states the cause is removable under the second section of the act of 1875.

In Equity

[1] See S. C., *post*, 156.

*Lewis Shepherd, Key & Richmond,* and *Clarke & Snodgrass,* for Sharp.
*W. H. Dewitt* and *Wheeler & Marshall,* for Whiteside.

KEY, J. The first question to be determined in this case is whether the cause has been removed from the chancery court of the state to the circuit court of the United States. If it has been removed there other questions must be considered. If not, no order can be made or step taken except to remit the case to the chancery court of the state. It is conceded in argument that if this cause has been removed, or if it be removable, it is done, or it must be done, under the second clause of the second section of the act of 1875, declaring and defining the jurisdiction of the circuit courts of the United States. There are other defendants to the original cause, and all the defendants, except Florence Whiteside, are residents and citizens of the same state as L. J. Sharp, the complainant in the original bill. It is not denied that Florence Whiteside is a citizen of a different state from that of complainant, or that the allegations of her petition for removal, or the bond executed under it, are not in due form, or that the amount in controversy is sufficient, or the application made in time. The contention on this point is whether the controversy is so entirely between Mr. Sharp and Miss Whiteside that it can be fully determined between them. There is no question, for the fact is admitted, that Miss Whiteside has title to the turnpike road and the park described in the pleadings. The controversy is whether Sharp as a livery-stable man, has the right to carry his passengers into the park to which Miss Whiteside has title. In other words, is her title, in its character, servient to a right on the part of Sharp to enter the inclosed park against her consent. The alleged right of the other defendants is that they have leased the turnpike road and park from Miss Whiteside for the term of five years.

It appears to me that whether her co-defendants have made such a contract of lease or not, has no effect upon the point in controtroversy between the chief parties. Anything in regard to the lease is subordinate to and dependent upon the decision of the controversy between the principal parties. If Sharp has the right to enter the park, as he insists, he has it against the lessor and lessees alike. If he has no such right against the lessor he has not against the lessees. There is no complication of the question in controversy between the parties by the joinder of the defendants, and the case between the principals can as well be tried without Miss Whiteside's co-defendants as with them. Their controversy is perfectly, completely, and distinctly separable from that with the other defendants, in my opinion. It must follow, therefore, that the case is removable, and that it was removed under the petition of Miss Whiteside. This being so, the last bill, or amended bill, filed by Sharp was without any authority, force, or effect, and all the orders of the chancery court, or chancellor under it, are void. That portion of the record in the chancery court is out of the case. It appears, also, that upon the

same day upon which the petition for removal was presented, the petitioner took some other steps in the cause, upon which no action was taken by the court. I think these steps must also be taken as having no force or effect, as either having been taken after the petition was presented, or completely annulled and superseded by it.

In this state of the pleadings, and the record sent from the state court, I think it best to give the parties opportunity to perfect and present, if they desire to do so, the case it appears to have been their purpose to have done, and in doing so I do not mean that they must present the same or even similar papers or pleadings, but such as they may deem proper and necessary to present the issues raised, or to be raised. Until opportunity has been given to do this I think it best to postpone action on the application of Miss Whiteside for an injunction, so that we may have the whole case in a tangible and perfect shape. The exception made by Sharp's solicitors in this state of the case will be without force.

Leave is now given to Miss Whiteside to file the bill, she having given bond and surety for costs, but no new process and copy need issue.